UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

Case No.: **8:18-bk-01699-CPM**

**KHALIL E. ABDO,**

Chapter 11

Debtor.

_____

## MEDIATED SETTLEMENT TERM SHEET

On Friday, June 1, 2018 Matthew J. Kovschak served as the mediator ("**Mediator**") selected by the agreement of the parties. In attendance were the parties identified in the signature block at the end of this document. As a result of the face-to-face mediation session, KHALIL E. ABDO, Khalil E. Abdo as the Trustee of the KHALIL E. ABDO LIVING TRUST DATED JUNE 6, 2000 (collectively, for the purposes of this Mediated Settlement Term Sheet, the "**Debtor**") and ENCORE FUND TRUST 2013-1 ("**ENCORE**") (collectively the **"Parties"**), reached the following mediated settlement result:

1. This Mediated Settlement Term Sheet Agreement ("**Agreement**") is being entered into for the specific purpose of reaching a resolution of the issues between the Parties in the main case prior to instituting a contested matter or adversary proceeding ("**Anticipated Litigation**"), without having to undertake the expense, time and attendant risks inherent in litigation to adjudicate the respective claims, counterclaims and defenses raised or that could have been raised by the Parties.

Page 1 of 8



2. The Court retains jurisdiction over any and all disputes arising out of or otherwise relating to this Agreement.

3. The Parties agree to voluntarily Abate all future discovery deadlines and case/adversary proceedings in the bankruptcy case, if any, for at least sixty (60) calendar days and to Abate all new deadlines during such period in the interest of cooperation and to otherwise conclude the Agreement.

4. The negotiated salient terms for the parties' Agreement can be summarized as follows:

A. ENCORE has agreed to accept from Debtor and the Debtor has agreed to provide ENCORE an allowed fully secured claim in the above-captioned Chapter 11 case in the amount of $1,365,000.00 (the "**Allowed Secured Claim**"), in full settlement and satisfaction of ENCORE's pre or post-petition claims as to the Debtor, his assets, or property of the estate as follows:

(1) The Debtor shall file a motion in the Debtor's Chapter 11 Bankruptcy Case to approve parties' agreement to settle the dispute between them in accordance with the terms and provisions set forth in this Agreement within ten calendar (10) days and not later than Friday, June 15, 2018 in any event.

(2) This Agreement provides below for Debtor's payment of $125,000.00 towards the Allowed Secured Claim pursuant to a modified promissory note. The Debtor shall provide proof of the Debtor's deposit of $125,000.00 in an interest bearing, non-IOTA debtor-in-possession trust account held jointly by Buddy D. Ford, P.A. and the Debtor (cont. on next page)

on or before Monday, June 11, 2018, to be held in trust for the exclusive purpose of enabling the Debtor to make the first payment on the Debtor's modified promissory note to ENCORE as more specifically described below.

(3) Within ten (10) days of Bankruptcy Court approval, ENCORE and the Debtor shall take all steps necessary to provide ENCORE with a modified promissory note (modifying the Debtor's "Adjustable Rate Note" and any related documents evidencing the Debtor's obligation to ENCORE executed and delivered to ENCORE or its predecessor(s) in interest on or as of May 12, 2006) and a modified first lien priority position mortgage (modifying the Debtor's Mortgage and any related documents evidencing the Debtor's security interest given to ENCORE or its predecessor(s) in interest as recorded in the official records of Hillsborough County in OR Book 16495, PG(s) 0081-101 on or as of May 19, 2006) on the property located at 18520 Rustic Roads Trail, Odessa, Florida (the "**Subject Property**"), which modified first lien priority position mortgage on the Subject Property shall be in recordable form, providing marketable and insurable title and contain the required signatures on the aforementioned first lien priority position mortgage and shall contain commercially reasonable terms. The modified promissory note shall contain the following financial terms for the Debtor's payment to ENCORE of the Allowed Secured Claim in the amount of $1,365,000.00, without any pre-payment penalty to the Debtor, over the next sixty (60) months:

a. One (1) payment in the amount of $125,000.00, due and payable on or before the fifth (5th) business day following the Debtor's execution of the modified promissory note (cont. on next page);

b.  Thereafter, over the next sixty (60) months ENCORE shall be paid interest payments based on a principal balance of $900,000.00 with a five (5) year balloon and a fixed interest rate of 5.25% per annum on a 30/360 day basis. The $340,000.00 remaining balance shall be deferred, non-interest bearing, until loan maturity after five (5) years;

c.  Thereafter, on the first (1st) day of the sixtieth (60th) month following the Debtor's execution of the modified promissory note the Debtor shall pay ENCORE one (1) payment in the amount of $340,000.00, without interest, plus $900,000.00, for a total amount due of $1,240,000.00;

d.  If ENCORE receives $875,000.00, plus the $125,000.00 down payment previously mentioned, not later than the ninetieth (90th) calendar day following the entry of the Bankruptcy Court's final, non-appealable order approving the parties' settlement (to be extended only in the event that the 90th calendar day falls on a weekend or holiday) it shall be a dollar for dollar reduction against the Allowed Secured Claim and the interest only calculation set forth in subparagraph 4.A.(3).b. above and ENCORE shall <u>assign</u> all of its pre or post-petition claims as to the Debtor, his assets, or property of the estate as directed by the Debtor. Regardless of whether ENCORE receives or does not receive the aforementioned $875,000.00 payment on or before the 90th day following the entry of the Bankruptcy Court's final, non-appealable order approving the parties' settlement, then ENCORE shall nevertheless abate any and all collection activity on account of the Allowed Secured Claim against the Debtor as long as the Debtor is not otherwise in default under the terms of this Agreement. For purposes of this Agreement, the "triggering event" requiring ENCORE to

assign its pre-petition pre and post-petition claims as to the Debtor, his assets, or property of the estate as directed by the Debtor shall be the Debtor's payment of the $875,000.00, plus the $125,000.00 down payment set forth herein, after which ENCORE shall assign its pre-petition pre or post-petition claims as to the Debtor, his assets, or property of the estate to the Debtor or assigns within ten (10) business days of its receipt of $875,000.00 plus $125,000.00. The Debtor's payment in the amount of $125,000.00, which is due and payable on or before the fifth (5th) business day following the Debtor's execution of the modified promissory note, must be made to ENCORE in any event.

    B.  The Debtor must pay all *ad valorem* property taxes on Subject Property with payment made in accordance with applicable non-bankruptcy law not later than the last date on which such taxes may be paid without penalty. ENCORE and the Debtor agree to the escrow for *ad valorem* taxes. The amount of the Debtor's "Escrow" payment to ENCORE shall be 1/12th of the estimated annual *ad valorem* taxes due and payable on or before the first (1st) day of every month, beginning on the first (1st) month following the entry of the  following the entry of the Bankruptcy Court's final, non-appealable order approving the parties' settlement. If there is an escrow shortage, the shortage shall be paid by the Debtor to ENCORE within thirty (30) days of ENCORE's written notice of any shortage to the Debtor.

    C.  The parties agree that ENCORE holds an unsecured claim in the approximate amount of $300,000.00 and that the exact amount shall be set forth in the Debtor's motion to approve the parties' settlement agreement. Not later than the tenth (10th) calendar day following the entry of the Bankruptcy Court's final, non-appealable order approving the parties' settlement (to be extended only in the event that the 10th calendar day falls on a weekend

or holiday) ENCORE shall assign all of its pre or post-petition claim as to the Debtor, his assets, or property of the estate as directed by the Debtor.

    D.    On or before Monday, June 11, 2018, the Debtor shall (cont. on next page)

provide the details and specifics of any pending or potential insurance claims with regard to the Subject Property to ENCORE.

    E.    On or before Monday, July 2, 2018, the Debtor shall obtain or maintain sufficient insurance coverage to protect the Subject Property. "Sufficient insurance" for purposes of this Agreement means hazard and wind insurance that is sufficient to cover the amount of the Allowed Secured Claim. The Debtor shall provide to ENCORE copies of the declaration page(s) of all applicable insurance policies or binders regarding the Subject Property, together with the expiration date for each, showing Debtor as a named insured of a current policy and ENCORE as first mortgage loss payee. Debtor shall immediately notify ENCORE in writing of any changes in insurance coverage.

    F.    The Debtor shall include language consistent with the terms of this Agreement in his Chapter 11 Plan.

    G.    ENCORE shall cast a Ballot in favor of and support confirmation of the Debtor's Plan as long as it is consistent with this Agreement.

    5.    Nothing herein constitutes an admission by any party. The Parties agree that they are affirmatively bound by the terms of this Agreement and shall act in conformity therewith pending entry of an Order approving this Agreement unless or until this Agreement and a final settlement agreement is not approved by the United States Bankruptcy Court for the Middle

District of Florida, Tampa Division. This Agreement and all communications between the Parties related to this Agreement shall be subject to the mediation confidentiality provisions. Further, this Agreement shall be binding upon the Parties (cont. on next page)

and their successors and assigns and sets forth the economic terms of the settlement. The Mediator shall remain responsible for mediating any disputes over the interpretation of this Agreement prior to any request for adjudication by the Court.

6. The Mediator is and has remained a neutral, impartial facilitator for the Parties throughout the mediation; (b) although the Mediator is a licensed attorney in Florida and may have used his experience to make observations or play "devil's advocate" during the course of the mediation, nothing the Mediator did or stated during the mediation was relied upon by the Parties or their counsel as legal services, legal advice or a legal opinion of the Mediator; (c) the Mediator did not make any decisions for the Parties regarding whether to settle their dispute and/or on what terms to settle; (d) the Mediator did not render any legal services or legal advice in connection with the drafting of this Agreement, except as a scrivener; and (e) the Parties have solely relied upon the advice of their counsel for the drafting and execution of this Agreement.

7. The Parties may execute this Agreement in counterparts. Each executed counterpart will be considered an original, and all of them together will constitute a singular Agreement.

8. Each of the Parties shall, upon reasonable request, execute, procure, and/or deliver in favor of all of the other party any documents as are necessary to effectuate the intent of the Parties in connection with all terms and conditions of this Agreement. The Parties agree that the United States Bankruptcy Court for the Middle District of Florida, Tampa Division shall reserve

jurisdiction to enforce the terms and conditions of this Agreement

9. This Agreement was drafted with the joint participation of the Parties and shall be construed neither more strongly against nor in favor of any of them, but rather, in accordance with the fair meaning hereof.

_____  Dated: _____
MATTHEW J. KOVSCHAK
Mediator

_____  Dated: _____
KHALIL E. ABDO
Debtor

**ENCORE FUND TRUST 2013-1**

By: _____  Dated: 6-11-18
Printed Name: Todd Billings
*Authorized Agent of ENCORE*

*Ezra Scrivanich*  Dated: 6/12/18
_____
EZRA SCRIVANICH, ESQUIRE
Counsel for Encore

_____  Dated: _____
JONATHAN A. SEMACH, ESQUIRE
Counsel for KHALIL E. ABDO

_____  Dated: _____
BUDDY D. FORD, ESQUIRE
Counsel for KHALIL E. ABDO

United States Bankruptcy Court for the Middle District of Florida, Tampa Division shall reserve jurisdiction to enforce the terms and conditions of this Agreement

    9. This Agreement was drafted with the joint participation of the Parties and shall be construed neither more strongly against nor in favor of any of them, but rather, in accordance with the fair meaning hereof.

_____  Dated:_____
MATTHEW J. KOVSCHAK
Mediator

_____  Dated: 6/18/18
KHALIL E. ABDO
Debtor

**ENCORE FUND TRUST 2013-1**

By:_____  Dated:_____
Printed Name:_____
    *Authorized Agent of ENCORE*

_____  Dated:_____
EZRA SCRIVANICH, ESQUIRE
Counsel for Encore

_____  Dated:_____
JONATHAN A. SEMACH, ESQUIRE
Counsel for KHALIL E. ABDO

_____  Dated:_____
BUDDY D. FORD, ESQUIRE