**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
*Tampa Division*
www.flmb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 |
| KHALIL E. ABDO, | Case No.: 8:18-bk-01699-CPM |
| _____Debtor._____/ | |

**PLAN OF REORGANIZATION**

**ARTICLE I**
**SUMMARY**

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of KHALIL E. ABDO (the "Debtor") from the Debtor's future earnings.

This Plan provides for six classes of secured claims and two class of unsecured. Unsecured creditors holding allowed claims less than or equal to $500.00 will receive a 100% distribution on their claim Unsecured creditors holding claims greater than $500.00 will receive pro rata distributions based on the ultimate size of the class body. This Plan also provides for the payment of administrative and priority claims under the terms to the extent permitted by the Code or by agreement between the Debtors and the claimant.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

**ARTICLE II**
**CLASSIFICATION OF CLAIMS AND INTERESTS**

2.01   Class 1.   The claims of the County Tax Collectors, including any Tax Certificate Holders, to the extent allowed as secured claims under § 506 of the Code.

2.02   Class 2.   The claim of Encore Fund Trust 2013-1 to the extent allowed as a secured claim under § 506 of the Code.

2.03   Class 3.   The claim of HSBC Bank USA, N.A. as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass Through Certificates, Series 2007-14 to the extent allowed as a secured claim under § 506 of the Code.

2.04   Class 4.   The claim of Regions Bank to the extent allowed as a secured claim under § 506 of the Code.

1

2.05   Class 5.        The claim of Annmarie Normandin to the extent allowed as a secured claim under § 506 of the Code.

2.06   Class 6 .       The claim of Tammy Fairbanks to the extent allowed as a secured claim under § 506 of the Code.

2.07   Class 7.        All general unsecured claims less than or equal to $500.00 allowed under § 502 of the Code.

2.08   Class 8.        All general unsecured claims greater than $500.00 allowed under § 502 of the Code.

### ARTICLE III
### TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01   Unclassified Claims.  Under section §1123(a)(1), administrative expense claims, ["gap" period claims in an involuntary case allowed under § 502(f) of the Code,] and priority tax claims are not in classes.

3.02   Administrative Expense Claims. Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.  The Debtor estimates additional attorney and accounting administrative fees of approximately $20,000.00.  Under no circumstance will the Debtor make payment on administrative fees absent Court order authorizing said fees.

3.03   Priority Tax Claims.  Each holder of a priority tax claim will be paid as allowed under 11 U.S.C. § 1129(a)(9) or as authorized agreed to by the Debtor and the claimant.

3.04   United States Trustee Fees.  All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

### ARTICLE IV
### TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01   Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - The County Tax Collectors and any Tax Certificate Holders | Impaired | Claims in this class will be paid pursuant to 11 U.S.C. § 1129(a)(9) the full amount of their allowed claim, with pre and post confirmation interest, in equal monthly installments commencing thirty (30) days from the entry of the Confirmation Order and concluding no later than sixty months from the Petition Date.  There is no pre-payment penalty. |

| Class 2 - Encore Fund Trust 2013-1 | Impaired | Encore Fund Trust 2013-1 filed a proof of claim (**Claim #3**) in the amount of $1,646,249.08 secured by real property located at 18520 Rustic Woods Trail, Odessa, Florida 33556. This claim will be paid pursuant to the Mediated Settlement Agreement attached as Exhibit "A" to the Motion for Approval of Compromise of Controversy (**Docket #59**). |
|---|---|---|
| Class 3 - HSBC Bank USA, N.A. as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass Through Certificates, Series 2007-14 | Impaired | HSBC Bank USA, N.A. as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass Through Certificates, Series 2007-14 ("HSBC") filed a proof of claim (**Claim #2**) in the amount of $581,305.69 purportedly secured by real property located at 12507 Foxtrot Road, Odessa, Florida 33556. The Debtor has filed a Verified Motion to Determine Secured Status of Mortgage (**Docket #43**). HSBC's allowed secured claim will be amortized over thirty (30) years at 5.75% interest with payments commencing thirty (30) days from the entry of the Confirmation Order. Any allowed general unsecured claim will be paid pursuant to Class 8. HSBC will retain its lien to the same extent, validity, and priority as existed pre-petition. |
| Class 4 - Regions Bank | Impaired | Regions Bank filed a proof of claim (**Claim #6**) in the amount of $258,146.63 secured by real property located at 450 115th Avenue, St. Petersburg, Florida 33706-3046. Regions Bank's allowed secured claim will be amortized over thirty (30) years at 5.75% interest with payments commencing thirty (30) days from the entry of the Confirmation Order. Regions Bank will retain its lien to the same extent, validity, and priority as existed pre-petition. |
| Class 5- Annmarie Normandin | Unimpaired | Annmarie Normandin holds a scheduled claim in the amount of $140,000.00 secured by real property located at 450 115th Avenue, St. Petersburg, Florida 33706-3046. The Debtor will continue making payments in accordance with the loan documents. Annmarie Normandin will retain her lien to the same extent, validity, and priority as existed pre-petition. |
| Class 6 - Tammy Fairbanks | Unimpaired | Tammy Fairbanks held a scheduled claim in the amount of $73,000.00 secured by real property located at 1327 Ranchwood Drive E., Dunedin, FL 34698. 1327 Ranchwood was sold post-petition and this claim was paid in full. |

| | | |
|---|---|---|
| Class 7 - General Unsecured Creditors with Claims Less than or equal to $500.00 | Impaired | Claimants in this class will receive a distribution of 100% of their allowed claim thirty days from the entry of the Confirmation Order. |
| Class 8 - General Unsecured Creditors with Claims Greater than $500.00 | Impaired | The Debtor will fund a maximum of Seventy-Five Thousand ($75,000.00) to fund a pool (the "Plan Fund").  Creditors in this class with allowed claims shall receive a pro rata distribution of their claim without interest in twenty (20) quarterly distributions of $3,750.00 commencing thirty (30) days from the entry of the Confirmation Order.  No creditor in this class will be entitled to a distribution in excess of its allowed claim.<br><br>The Debtor will fund these payments through funds received from his various business operations.<br><br>Promissory Notes will be issued to each creditor in this class to evidence payments which promissory notes shall be enforceable in any Court of Competent Jurisdiction.  A copy of the form of Promissory Note to be given is attached as Exhibit "A". |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02    Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order].

5.03    Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

5.04    Objection to Claims. Entry of the confirmation of the Plan does **not** bar the Debtor from objecting to a proof of claim that has been filed or deemed filed.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01    Assumed Executory Contracts and Unexpired Leases.

(a)    The Debtor assumes the following executory contracts and/or unexpired leases effective upon the date of the entry of the order confirming this Plan:

None

(b) The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan unless plead otherwise through specific motion.  A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after either the date of the order confirming this Plan or the date upon which an order entered by this Court terminated said lease or contract, whichever date occurs earliest.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

The Debtor shall fund the Plan through the income he receives from his various business operations including the buying and selling of real estate.

## ARTICLE VIII
## GENERAL PROVISIONS

8.01    Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: None.

8.02    Effective Date of Plan. The effective date of this Plan is the first business day following the date that is fourteen days after the entry of the order of confirmation. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.

8.03    Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04    Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05    Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06    Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

8.07    Corporate Governance.  This provision is inapplicable as the Debtors are individual Chapter 11 debtors.

## ARTICLE IX
## DISCHARGE

9.01 Discharge. Confirmation of this Plan will not discharge the Debtors from any debt that arose before confirmation of this Plan.  The Debtors will receive a discharge upon completion of the

Plan obligations, consistent with 11 U.S.C. § 1141.

## ARTICLE X
## OTHER PROVISIONS

      10.1  <u>Request for "Cram Down" of Non-Accepting Classes</u>.  The Debtor requests that the Court confirm the Plan notwithstanding the failure of classes to vote to accept the Plan.  Even if one or more impaired classes reject the Plan, the Court may nonetheless confirm the Plan if the non-accepting classes are treated in a manner prescribed by §1129(b) of the Code.  A Plan that binds non-accepting classes is commonly referred to as a "cram down" Plan.  The Code allows the Plan to bind non-accepting classes of claims or equity interests if it meets all the requirements for consensual confirmation except the voting requirements of §1129(a)(8) of the Code, does not "discriminate unfairly," and is "fair and equitable" toward each impaired class that has not voted to accept the Plan.  **Creditors and Equity Interest Holders concerned with how the cram down provisions will affect your claim or equity interest should seek independent counsel, as the variations on this general rule are numerous and complex.**  The Debtor is not required to file a motion for other pleading to seek and obtain cram down of a Plan.  As a result, the Debtor will seek the Court's confirmation of this Plan in accordance with the cram down provisions of the Bankruptcy Code by *ore tenus* motion at the date and time of the Confirmation Hearing without further notice to creditors or other parties in interest.

      10.2  <u>Retention of Jurisdiction</u>.  Until the case is closed the Court shall retain jurisdiction to insure that the purpose and intent of the Plan are carried out.  The Court shall retain jurisdiction to hear and determine the following:

      a.  The classification of the claim of any creditor and the re-examination of claims which have been allowed for purposes of voting and the determination of such objections as may be filed against creditor's claims;

      b.  The determination of all questions and disputes regarding title to the assets of the estate and the determination of all causes of action, controversies, disputes or conflicts whether or not subject to action pending as of the date of confirmation between the Debtor and any other party included but not limited to any rights of parties in interest to recover assets pursuant to the provisions of Title 11 of the United States Code;

      c.  The correction of any defect, the curing of any omission or the reconciliation of any inconsistency in the Plan or the Order of Confirmation as may be necessary to carry out the purposes and intent of the Plan;

      d.  The modification of this Plan after confirmation pursuant to the Bankruptcy Rules and Title 11 of the United States Code;

      e.  The enforcement and interpretation of the terms and conditions of this Plan;

      f.  The entry of an Order including injunctions necessary to enforce the title rights and powers of parties in interest and to impose such limitations, restrictions, terms and conditions of such title rights and powers as this Court may deem necessary; and

      g.  The entry of an order concluding and terminating this case.

**DATED** on this 28th day of June, 2018.

/s/ Khalil E. Abdo
Khalil E. Abdo

**RESPECTFULLY SUBMITTED** on this 2nd day of July 2018.

BUDDY D. FORD, P.A.,

/s/ Jonathan A. Semach
Jonathan A. Semach, Esquire (FBN: 0060071)
Email: *Jonathan@tampaesq.com*
9301 West Hillsborough Avenue
Tampa, Florida  33615-3008
Telephone #: (813) 877-4669
Facsimile #: (813) 877-5543
Attorney for Debtor

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 2nd day of July, 2018, a true and correct copy of the foregoing has been furnished by O CM/ECF Electronic Mail to:

Rachel L Ahlum on behalf of Creditor HSBC Bank USA, National Association
    ecfflmb@aldridgepite.com, RAhlum@ecf.courtdrive.com
Wanda D Murray on behalf of Creditor HSBC Bank USA, National Association and Creditor
    Wells Fargo Bank, N.A.  ecfflmb@aldridgepite.com, WMurray@ecf.courtdrive.com
Ezra Z Scrivanich on behalf of Creditor ENCORE FUND TRUST 2013-1
    Ezra@SHLegalGroup.com
United States Trustee - TPA USTPRegion21.TP.ECF@USDOJ.GOV
Nathan A Wheatley on behalf of U.S. Trustee United States Trustee - TPA
    nathan.a.wheatley@usdoj.gov

and, by O Regular U.S. Mail to:

Internal Revenue Service, Post Office Box 7346, Philadelphia, PA 19101-7346
State of Florida, Department of Revenue, PO Box 6668, Tallahassee, FL 31314-6668
Khalil E. Abdo, 18520 Rustic Woods Trail, Odessa, FL 33556
Twenty (20) Largest Unsecured Creditors.

/s/ Jonathan A. Semach
Jonathan A. Semach, Esquire (FBN: 0060071)
Email: *Jonathan@tampaesq.com*

**PROMISSORY NOTE**

$_____                                                                 Tampa, Florida
                                                                            (Quarterly)

**FOR VALUE RECEIVED**, KHALIL E. ABDO, jointly and severally, if more than one or **its** successors or assigns **[the "Maker"]**, in the manner hereinafter specified, promises to pay _____ _____ (Scheduled / Claim #___) **[the "Holder"]**, the principal sum of _____ and /100 Dollars ($_____), without interest. The said principal shall be payable in lawful money of the United States of America, at _____, or at such place as may hereafter be designated by written notice from the Holder to the maker hereof, on the date and in the manner following:

(a) Holder was scheduled a claim or filed its claim (Claim #__) in the amount of $_____ (the "Allowed Claim");

(b) This Note shall NOT bear interest;

(c) Commencing thirty (30) days from the entry of the Confirmation Order entered _____, **(Docket #__)**, in the Chapter 11 case styled, *In re Khalil E. Abdo*, Case No. 8:18-bk-01699-CPM, Holder shall be paid a pro rata share of its allowed claim from the Plan Fund in twenty (20) equal quarterly payments of $_____ until the Pro Rata Share has been paid in full.

This Note shall be construed and enforced according to the laws of the State of Florida. **This Note may be prepaid at any time, in whole or in part without penalty.**

In the event of any default under the terms of this Note, including, but not limited to, the failure of the makers hereof to make any payment of principal hereby required on or before the fifteenth (15) day following its due date, the Holder of this note may only attempt to collect on the currently due and unpaid missed payments. The Holder may not call the entire unpaid balance due.

Each person liable hereon whether maker or endorser, hereby waives presentment, protest, notice, notice of protest and notice of dishonor and agrees to pay all costs, including a reasonable attorney's fee, whether suit be brought or not, if after maturity of this Note or default hereunder, local counsel shall be employed to collect this Note or to protect the security of said assignment.

Whenever used herein, the terms "holder", "maker", and "payee" shall be construed in the singular or plural as the context may require or admit.

The parties to this instrument, by their signature below or acceptance of the Note and consents to the personal jurisdiction of Florida.

Maker's Address:

18520 Rustic Woods Trail
Odessa, FL 33556

Dated: _____                                   _____
                                                    KHALIL E. ABDO

**Exhibit "A"**