**UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF FLORIDA**

**CASE NO: 8:18-BK-01699-CPM**

In re:

KHALIL E. ABDO

    Debtor

_____/

**JOESPH ABDO'S MOTION TO VOID STATE COURT ORDERS
DUE TO AUTOMATIC STAY VIOLATION**

JOSEPH ABDO ("Joe Abdo"), by and through its undersigned counsel, and respectfully submits his Motion to Void State Court Orders Due to Automatic Stay Violation, and in support states:

**Introduction**

1. On March 7, 2018 (the "Petition Date"), Debtor filed for bankruptcy under Chapter 11 ("Bankruptcy Case"). Accordingly, the Automatic Stay was in place as of the Petition Date.

2. Just days later, Debtor started Trial in Hillsborough County, Florida under Case No. 15CA7098 as a plaintiff ("State Case"). Debtor did not file or notify the Court or Movant Joe Abdo of the filing of this Bankruptcy Case.

3. The subject matter at issue in the State Case was Debtor's entitlement to Property of the Estate, which the Debtor alleges to be worth millions of dollars and generating millions in revenues over this time period. 11 U.S.C. 541. Debtor has received over $2.6 million from these assets, but failed identify the same on his Bankruptcy Schedules. D.E. #1, Questions 26 and 27.

4. Debtor's testimony and sworn statements with regard to assets, rights and entitlement materially differs between his Bankruptcy Schedules and his testimony at Trial in the State Case. Debtor denies that any Automatic Stay applies, and that Debtor's change in assets is

merely based on Debtor's opinion at a given time. *See,* Exhibit A and B. Joe Abdo has replied to the opposition. *See,* Exhibit C. These filings are hereby incorporated.

5. Joe Abdo, personally or through some of the Social Media entities is investigating potential claims against Debtor, but is at least an interested party.

## Analysis

6. Despite the Automatic Stay, days after the Petition Date, the Debtor, Movant and others (family members) proceeded to Trial in the State Case. Subsequently, on May 18, 2018, this State Court entered the Post Trial Order Imposing Constructive Trust ("Post Trial Order") and several supplemental Orders based on the Post Trial Order (collectively, the "Orders"). *See,* Exhibit D. All done without Debtor's disclosure of the Bankruptcy Case. Movant has learned in the last few days about the Bankruptcy Case.

7. The subject matter of the State Case was assets of Debtor, including but not limited to intangible assets and/or intellectual property based on certain websites/URLs/domain names, royalties, real property and ownership related to Florida corporation. The Orders placed a state appointed receiver/trustee over the subject assets and business, including an accounting of monies dating back to 2012. *See,* Exhibit D.

8. The central support for the Post Trial Order was a family obligation (fiduciary duty) to siblings by Joe Abdo. *See,* Exhibit D, Page 3. Per the Post Trial Order, it was a very personal obligation relating back to a promise to their father, who died years earlier, and that the family land was <u>only given</u> to the 3 Abdo brothers and not split the land among the six of them, and therefore, the brothers were obligated to care for their sisters in exchange. *Id.* This land was material misrepresented on the Bankruptcy Schedules. D.E. #1; Question 32.

9. The Automatic Stay can be violated by an action taken by a Debtor and that the purpose of the stay exists to protect not only debtors from their creditors' collection efforts, but also creditors from the premature disbursement of the bankruptcy estate. *See, Williford v. Williford (In re Williford),* 294 Fed. Appx. 518 (11th Cir. 2008).

10. "Actions taken in violation of the automatic stay are void and without effect." *United States v. White,* 466 F.3d 1241, 1244 (11th Cir.2006). In light of the secret and prejudicial actions by Debtor, the stay violation voids the Orders (Trial Order and all subsequent orders arising from the Trial Order) due to Debtor's voluntary and knowing action.

11. Debtor justified his action in violation of the Automatic Stay based on Rule 6009. Numerous courts have discussed or found the need to get relief from the Automatic Stay despite Rule 6009. *See, In re Capro Leasing Associates,* 169 B.R. 305 (Bankr. E.D.N.Y. 1994) ("We turn next to interpret Bankruptcy Rule 6009. We acknowledge that the Rule plainly furnishes a trustee with the discretion to decide whether to litigate actions as it sets forth, and to do so with or without court approval. But we do not believe that it empowers a trustee to go forward with such litigation, unless the bankruptcy judge has granted relief from the automatic stay, after notice and a hearing."); *see also Simon v Navom,* 116 F.3d 1, 4 (1st Cir. 1997) ("Rule 6009 does not trump the code's automatic stay.") *citing Parker v Bain,* 68 F.3d 1131 (9th Cir. 1985); *In re Mid-City Parking, Inc.,* 332 B.R. 798 (Bankr. N.D. Ill 2005) ("A more significant problem with *Autoskill's* use of Bankruptcy Rule 6009 went unidentified in *Capgro Leasing:* To the extent any inconsistency may exist, a civil-procedure rule promulgated under the Supreme Court's analogous Rules Enabling Act authority for bankruptcy cases cannot overcome a statutory mandate such as the stay of § 362(a).")

12. There are clearly issues, including if the State Action is a "core proceeding" and should be brought before this Bankruptcy Court compared to the State Case. 28 U.S.C. §157. The State Action was in part to determine Property of the Estate and an accounting of the same. This Court should have had the opportunity to consider these positions and issues before Debtor went to Trial in the State Case with no notice.

13. Section 541 defines property of a debtor's estate as including, inter alia, "all legal or equitable interests of the debtor in property…." 11 U.S.C. § 541(a)(1). The scope of §541(a)(1) is broad, and includes property of all types, tangible and intangible, as well as causes of actions. *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 205, 103 S.Ct. 2309, 2313 (1983).

14. Each item at issue would be subject to Debtor's Bankruptcy Schedules and Property of the Estate. Accordingly, the violation of the automatic stay justifies voiding the Post Trial Order and subsequent Orders. *White,* 466 F.3d at 1244.

## Land Interest

15. In the State Case, Debtor and his two sisters testified in 1996 for their common benefit that the Debtor's sisters gave up certain land in heritance for a future right in Debtor's and Movant's business. *See,* Exhibit B, ¶11. Therefore, the land was not 1/6 each but 1/3, which is 1/3 interest each for the Debtor and his 2 brothers. They were able to convince the judge in the State Case of this 1996 promise and the "surrender" of property. *See,* Exhibit B, ¶9 and 10; *see also,* Exhibit D, Page 3. This left debtor with a 1/3 interest in land worth over $1,500,000. However, Debtor claimed a 1/6th interest on his Bankruptcy Schedules. *See,* D.E. #1; Question 32.

16. When confronted with this material difference, Debtor responded in the State Case "Khalil [Debtor] believes he is only entitled to 1/6th of the land in Lebanon because Defendant JEA had failed to honor his father's wishes. Once the arrearages owed to the sisters are paid in

full, Khalil [Debtor] will reevaluate his right to the land." *See,* Exhibit C. So, Debtor took a position on a material land right in his Bankruptcy Schedule based on his belief of a violation of a promise dated to 1996 for which there was no pending claim in the State Case or any other action for such a determination.

17. Consistent with the intent to violate the Automatic Stay and not be truthful to this Court or Movant, in May 2018, the judge in the State Action entered a Post-Trial Order that essentially acknowledged and validated the 1996 promise and required a determination of compensation to Debtor and the sisters from the Movant based on that promise. *See,* Exhibit D. After receiving the Post-Trial Order, Debtor did not amend his Schedules or make any filing with this Court.  A clear intent to keep this valuable asset (and others) a secret. Clearly bad faith by the Debtor.

<u>Corporate Interest</u>

18. In the State Action, Debtor pursued a derivative action in the name of Social Media, Inc., a Florida corporation.  Debtor's testimony at Trial in the State Action was based on a 50% ownership interest in Social Media, Inc. *See,* Exhibit B.

19. However, Debtor's Schedules claim only a 20% ownership interest.  *See,* D.E. #1; Question 17.  Debtor after confronted on this issue claimed that he distributed 30% to his sisters and thereby making him a 20% holder. His Trial testimony was six (6) days after he filed the Schedules. *See,* Exhibit B, ¶13.  The Websites claimed to be owned by Social Media, Inc. at the time of filing the Schedules was alleged to be worth $8million by Debtor's State Case counsel.

<u>Intellectual Property/Intangible Property</u>

20. Debtor testified in the State Action that he has individual interests, including intellectual property, in several valuable websites/URLs/domains that have generated over

$20million dollars during his alleged ownership. Debtor admits receiving over $2,600,000 directly related to his individual interests, including the intellectual property, at issue. His ownership interest is about 16%. *See,* Exhibit D.

21.     Yet, Khalil's Bankruptcy Schedules in Question 26 and 27 provides the response of "No" as to ownership of or rights to Intellectual Property and licenses or other general intangible. Moreover, in May, the judge in the State Action determined that Debtor had a 16% interest and was owned money related to his Intellectual Property and/or license or other general intangible associated with several valuable websites/URLs/domains. *See,* Exhibit D. Debtor, though his counsel, has stated that they expect the amount due from Joe Abdo to be millions.

22.     The bad faith action of the Debtor to hide Property of the Estate and pursue a claim in the State Case in violation of the Automatic Stay is sufficient basis to void the Post Trial Orders and subsequent Orders in the State Case. *White,* 466 F.3d at 1244. This Court should then consider whether to determine Property of the Estate before the Court and determine Debtor's rights as to the land, intellectual property, licenses and other intangible property.

WHEREFORE, Joe Abdo respectfully requests that the Court enter an Order voiding the Post Trial Order and the subsequent Orders in the State Case and for such other and further relief as may be just and proper.

*Respectfully Submitted,*

/s/ Paul Silverberg_____
Paul K. Silverberg, Esq.
*Silverberg & Weiss, P.A.*
1290 Weston Road, Suite 218
Weston, Florida 33326
Service e-mail address: Notices@pkslegal.com
(954) 384-0998 tel. / (954) 384-5390 fax.